# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **NATIONWIDE LLOYDS INSURANCE COMPANY, et al.** | § § § | |
| **V.** | § § | **A-09-CA-113 LY** |
| | § | **(Consolidated with A-09-CA-114 LY)** |
| **NORCOLD, INC., A SUBSIDIARY OF THETFORD CORPORATION AND GULF STREAM COACH, INC.** | § § § § | |

## ORDER

Before the Court are: Defendant Norcold, Inc.s' Motion for Leave to Designate Responsible Third Party Earnhardt Ford Sales Company (Clerk's Doc. No. 28); Defendant Gulf Stream Coach, Inc.'s Motion for Leave to Designate Responsible Third Party Earnhardt Ford Sales Company (Clerk's Docket No. 31); Plaintiffs/Intervenors' Objections to the Motion for Leave to Designate Responsible Third Party; and Defendants' Reply briefs.

On August 20, 2009, the District Court referred the above-motions to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. §636(b)(1)(A) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. General Background

On January 1, 2007, a fire erupted in Clyde and Patricia Little's recreational vehicle ("RV") which was parked next to their residence in Leander, Texas. Plaintiffs allege that the fire originated in a refrigerator unit inside the RV and spread to their house causing significant property damage. After Nationwide Lloyds Insurance Company ("Nationwide") paid the Littles for a portion of the damages they incurred, Nationwide filed a subrogation lawsuit in the 126th Judicial District of Travis

County, Texas against Norcold, Inc. (the manufacturer of the refrigerator), Gulf Stream Coach (the manufacturer of the RV) and Earnhardt Ford Sales Company f/d/b/a Earnhardt RV Center (where the Littles purchased the RV) ("Defendants'). *See Nationwide Lloyds Ins. Co. v. Norcold, Inc., Gulf Stream Coach, Inc. and Earhnard RV Center,* D-1-GN-08-004450. Nationwide's Petition asserts negligence, products liability, breach of implied warranties, *res ipsa loquitur*, and seeks over $500,000 in damages from the Defendants. Shortly after Nationwide filed its lawsuit, Colorado Casualty Insurance Company ("Colorado Casualty") filed its own subrogation lawsuit in the 200th Judicial District of Travis County, Texas, raising the same claims and naming the same Defendants as were raised in the Nationwide suit. *See Colorado Casualty Ins. Co. v. Norcold, Inc., Gulf Stream Coach, Inc. and Earhnard RV Center,* D-1-GN-08-004713 (filed on Dec. 30, 2008). The Littles subsequently intervened in the above-subrogation suits seeking damages of their own.

On February 17, 2009, Defendants removed the above-lawsuits to federal court on the basis of diversity jurisdiction. On March 23, 2009, the District Court granted Defendants' unopposed motion to consolidate the two cases into the instant lawsuit. On May 8, 2009, the District Court dismissed without prejudice Defendant Earnhardt for lack of jurisdiction and insufficient process.

Defendants Norcold and Gulf Stream Coach now seek leave to designate Earnhardt as a responsible third party, pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code. Plaintiffs Nationwide and Colorado Casualty and Intervenors Clyde and Patricia Little ("Plaintiffs/Intervenors") object to this designation pursuant to §33.004, arguing that (1) Defendants have failed to present sufficient facts regarding the responsibility of Earnhardt and (2) Earnhardt cannot be considered a responsible third party since it was dismissed from this lawsuit for lack of jurisdiction.

## II. Analysis

Section 33.004 of the Texas Civil Practice and Remedies Code provides, in pertinent part, that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004.[1] This section provides for the liberal designation of responsible third parties and a court may deny a motion to designate *only if* the objecting party establishes that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004. See also, *Harris Construction Co., Ltd. v. GGP-Bridgeland*, 2009 WL 2486030 at * 2 (S.D. Tex. Aug. 10, 2009).

### A.      Have Defendants pled sufficient facts?

As noted above, the burden is on the Plaintiffs/Intervenors to demonstrate that the Defendants have failed to pled sufficient facts concerning the alleged responsibility of Earnhardt to satisfy the pleading requirements of the Texas Rules of Civil Procedure.  See *Id.*  Under Texas Rule of Civil Procedure 47(a), a pleading is sufficient if it gives notice of the cause of action and facts being alleged so that the opposing party may adequately prepare a defense. *See Harris*, 2009 WL 2486030 at * 2.  "The actual cause of action and elements do not have to be specified in the pleadings; it is

---

[1]Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991); *see also Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  However, "[w]here the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995). Because courts have found that § 33.004 is a state substantive policy and that it does not conflict with the procedures set forth in  Federal Rule of Civil Procedure 14, this Court may apply § 33 .004 in the instant lawsuit. See e.g., *Harris Const. Co., Ltd. v. GGP-Bridgeland, LP*, 2009 WL 2486030 at * 1 n. 1 (S.D. Tex. Aug. 10, 2009);  *Bueno v. Cott Beverages, Inc.*, 2005 WL 647026 at * 3 (W.D. Tex. Feb. 8, 2005).

sufficient if a cause of action can be reasonably inferred." *Id.* (quoting *In re Enron Corp. Sec. Derivative, & "ERISA" Litig.*, 388 F. Supp.2d 780, 784 n. 4 (S.D. Tex. 2005)). Moreover, in evaluating the sufficiency of the facts for the purposes of § 33.004, the Court is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the party's ultimate liability. See *In re Unitec Elevator Services Co.*, 178 S.W.3d 53, 58 n. 5 (Tex. App. – Houston [1[st] Dist] 2005, no pet.).

The Court finds that Defendants have pled sufficient facts regarding the alleged responsibility of Earnhardt. Defendants allege that Earnhardt sold the RV to the Littles after having been notified about, and having failed to comply with, a mandatory recall involving Norcold refrigerators. Earnhardt's alleged failure to comply with the recall is relevant to the issues of causation and comparative fault in this case. The Court also finds that Plaintiffs/Intervenors' objections to Earnhardt ring hollow in light of the fact that Plaintiffs originally named Earnhardt as a Defendant in this case. See Plaintiffs' state court Petition. Based upon the foregoing, the Court finds that Defendants have pled sufficient facts to designate Earnhardt as a responsible third party in this case.

**B.     Is Earnhardt a "responsible third party?"**

Plaintiffs/Intervenors also argue that Earnhardt cannot be considered a responsible third party under Section 33.011 because the District Court dismissed Earnhardt from this lawsuit for lack of jurisdiction and thus the District Court no longer has personal jurisdiction over Earnhardt. Plaintiffs/Intervenors contend that the Court must have jurisdiction over a party to designate it as a responsible third party under § 33.011. However, Plaintiffs/Intervenors mistakenly rely on the *pre-2003* version of § 33.011 of the Texas Civil Practices and Remedies Code, which required that the court have jurisdiction over the designated party. *See* Act of May 8, 1995, 74th Leg., ch. 136, § 1,

1995 Tex. Gen. Laws 971, *amended* by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.05, 2003 Tex. Gen. Laws 847, 857.  In 2003, the Texas Legislature significantly liberalized who could be designated as a responsible third party, and now "allows a defendant liberally to designate responsible third parties, including parties not subject to the court's jurisdiction, immune from suit or who are unknown." *Fisher v. Halliburton,* 2009 WL 1098457 at * 1 (S.D. Tex. April 23, 2009). See also, *In re Unitec,* 178 S.W.3d 53 at n. 5 ("Under the newly enacted version, a responsible third party may include persons who are not subject to the court's jurisdiction or who are immune from liability to the claimant").  Under the current version of § 33.011, a responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011.  Accordingly, there is no longer a requirement for the Court to have jurisdiction over the proposed responsible third party and Plaintiffs/Intervenors' claims to the contrary are without merit.

Based upon the foregoing, Defendants Norcold, Inc. and Gulf Stream Coach, Inc.'s Motions for Leave to Designate Responsible Third Party (Clerk's Doc. Nos. 28 & 31) are **HEREBY GRANTED** and Defendants are granted leave to designate Earnhardt Ford Sales Company f/d/b/a Earnhardt RV Center as a Responsible Third Party in this lawsuit.

SIGNED this 19th day of October, 2009.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE